IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSMIN LUNA RIVAS, (TDCJ #843492) | § § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. H-17-2697 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Texas state inmate Osmin Luna Rivas filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of his release on parole. The respondent, Lorie Davis, answered and moved for summary judgment.[1] Rivas has not responded. Based on careful consideration of the pleadings, the motion, the record, and the applicable law, this court concludes that Rivas has not stated meritorious grounds for federal habeas relief, denies his § 2254 petition, and, by separate order, enters final judgment. The reasons are explained below.

**I.    Background and Claims**

Rivas pleaded guilty to three charges of engaging in organized criminal activity and was convicted in a Dallas County court in Cause Numbers F-9801512-R, F-9801516-R, and F-9801508-R. In August 1998, he was sentenced to concurrent 20-year prison terms in each cause. In this federal habeas petition, Rivas challenges the denial of his release on parole, not his underlying convictions.

---

[1] Docket Entry No. 8.

Rivas did not file an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure to assert his parole-related claims. In this federal petition filed in August 2017, Rivas contends that the Texas Board of Pardons and Paroles abused its discretion in denying him parole, deprived him of his right to due process, and violated the Double Jeopardy Clause. The respondent argues that Rivas fails to state a claim on which federal habeas relief can be granted. Each claim and argument is analyzed against the record and the applicable legal standards.

## II. The Legal Standard

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. Congress, through AEDPA, has constricted both the nature and availability of habeas review. This court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Rivas is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). Rivas's federal habeas petition is broadly construed. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## III. Discussion

Federal habeas relief cannot be granted unless the petitioner alleges the deprivation of a right secured to him by the United States Constitution or the laws of the United States. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007) (citing *Hillard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)). Prison inmates are entitled to due-process protection when an official action impacts a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A state has no duty to establish a parole system and there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) ("statutes or regulations that provide that a prole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (a statute that "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). The Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole. *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (The Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d

29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991). It is well settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Rivas has no right to or liberty interest in parole, he cannot state a due process claim on the decision to deny it.

Rivas' Double Jeopardy Clause claim is also deficient. He argues that the Board's repeated parole denials based on his criminal history or the nature of his offense punishes him repeatedly for the same offense. The Double Jeopardy Clause provides, "[n]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. Parole is the discretionary and conditional release of an eligible inmate to serve the remaining part of a prison sentence under the supervision of the Board. *See* Tex. Gov't Code Ann. § 508.001(6) (emphasis added). The denial of parole is not an additional punishment for the original offense. *Olstad v. Collier*, 326 Fed. App'x. 261, 265, 2009 WL 1116284, at *3 (5th Cir. 2009) (citing *Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 218 (5th Cir. 1976)). The fact that Rivas may be eligible for parole but remains confined is not a double jeopardy violation.

Rivas fails to state an actionable basis for federal habeas relief.

## IV. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 8), is granted; Rivas's petition for a writ of habeas corpus, (Docket Entry No. 1), is denied, and this case is dismissed with prejudice. Any remaining motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate

of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When relief is denied based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Rivas stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on April 23, 2018, at Houston, Texas.

　　　　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　　　　　Chief United States District Judge